UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

PATRICK M. HINES,

    Plaintiff,

v.

VALENTINE & KEBARTAS, INC.,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, PATRICK M. HINES, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant, VALENTINE & KEBARTAS, INC., is a professional corporation and citizen of the State of Massachusetts with its principal place of business at 15 Union Street, Lawrence, Massachusetts 01840.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as defined in the FDCPA.

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

10. Defendant left the following messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

> June 10, 2009
> This message is for Patrick Hines. Patrick it is extremely important that I receive a return phone call from you today. My name is Cole. You can reach me directly at 800-731-7766 extension 261. My offices are handling a very serious personal matter of yours and I will be forced to submit a final decision on your behalf about how you are going to be handling this matter and whether or not this is to be brought forward against you. It is in your best interest to call my offices back today. Again the number here is 800-731-7766 extension 261.

2

June 30, 2009 – No Discernable Message

July 1, 2009 – No Discernable Message

July 20, 2009 at 6:10 PM – No Discernable Message

July 20, 2009 at 8:41 PM – Pre-Recorded Message
7766.  Thank you.  Hello this is a very important message, only for Patrick M. Hines.  This is not a sales or marketing phone call.  To retrieve your message, press the 9 key now, or call us back at 1-800-731-7766.  Thank you.

July 25, 2009 – Pre-Recorded Message
7766.  Thank you.  Hello this is a very important message, only for Patrick M. Hines.  This is not a sales or marketing phone call.  To retrieve your message, press the 9 key now, or call us back at 1-800-731-7766.  Thank you.

August 15, 2009 at 8:27 AM
This message is for Patrick Hines.  Patrick it is extremely important that I receive a return phone call from you today.  My name is Cole.  You can reach me directly at 800-731-7766 extension 261.  My offices are actually handling a very serious personal matter of yours and I will be submitting a final decision upon your behalf about how you are going to be handling this matter and whether or not this is to be brought forward against you for further action.  It is in your best interest to call my offices back today.  Again the telephone number here is 800-731-7766 and my direct extension here is 261.  Thank you.

August 15, 2009 at 9:37 AM – Pre-Recorded Message
7766.  Thank you.  Hello, this is a very important message only for Patrick M. Hines.  This is not a sales or marketing phone call.  To retrieve your message press the 9 key now, or call us back at 1-800-731-7766.  Thank you.

October 13, 2009 – Pre-Recorded Message
7766. Thank you. Hello, this is a very important message only for Patrick M. Hines. This is not a sales or marketing phone call. To retrieve your message press the 9 key now, or call us back at 1-800-731-7766. Thank you.

October 19, 2009 – Pre-Recorded Message
7766. Thank you. Hello, this is a very important message only for Patrick M. Hines. This is not a sales or marketing phone call. To retrieve your message press the 9 key now, or call us back at 1-800-731-7766. Thank you.

October 21, 2009 at 9:53 AM – No Discernable Message

October 21, 2009 at 11:00 AM – Pre-Recorded Message
7.

October 21, 2009 at 1:48 PM – No Discernable Message

October 22, 2009 – Pre-Recorded Message
7766. Thank you. Hello, this is a very important message only for Patrick M. Hines. This is not a sales or marketing phone call. To retrieve your message, press the 9 key now or call us back at 1-800-731-7766. Thank you.

November 17, 2009 – Pre-Recorded Message
7766. Thank you. Hello, this is a very important message only for Patrick M. Hines. This is not a sales or marketing phone call. To retrieve your message press the 9 key now, or call us back at 1-800-731-7766. Thank you.

November 19, 2009 – No Discernable Message

November 20, 2009 at 8:50 AM – Pre-Recorded Message
7.

November 20, 2009 at 9:35 AM – Pre-Recorded Message
7.

December 5, 2009 – Pre-Recorded Message
7766. Thank you. Hello, this is a very important message only for Patrick M. Hines. This is not a sales or marketing phone call. To retrieve your message, press the 9 key now or call us back at 1-800-731-7766. Thank you.

December 7, 2009 – Pre-Recorded Message
7.

December 16, 2009 – Pre-Recorded Message

7.

11.     Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

12.     The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

13.     Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

14.     Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

15.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

16.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

17.     Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

18.     Plaintiff incorporates Paragraphs 1 through 17.

19. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See <u>Foti v. NCO Fin. Sys</u>., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and <u>Belin v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and <u>Leyse v. Corporate Collection Servs</u>., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

20. Plaintiff incorporates Paragraphs 1 through 17.

21. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name, that it is a debt collector, and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See <u>Valencia v The Affiliated Group, Inc</u>., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); <u>Wright v. Credit Bureau of Georgia, Inc.,</u> 548 F. Supp. 591, 593 (D. Ga. 1982); and <u>Hosseinzadeh v. M.R.S. Assocs.,</u> 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

22.    Plaintiff incorporates Paragraphs 1 through 17.

23.    Defendant caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

24.    Plaintiff incorporates Paragraphs 1 through 17.

25. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT V
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

26. Plaintiff incorporates Paragraphs 1 through 17.

27. Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications and its name when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c.    declaring that Defendant's practices violate the FCCPA;

    d.    permanently injoining Defendant from engaging in the complained of practices; and

    e.    Such other or further relief as the Court deems proper.

## COUNT VI
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

28. Plaintiff incorporates Paragraphs 1 through 17.

29. By failing to disclose that it is a debt collector, its name and the purpose of its communication, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

30. The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    declaring that Defendant's practices violate the FCCPA;

    d.    permanently injoining Defendant from engaging in the complained of practices; and

    e.    Such other or further relief as the Court deems proper.

## COUNT VII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

31. Plaintiff incorporates Paragraphs 1 through 17.

32. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    a declaration that Defendant's calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

    d.    Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

                            DONALD A. YARBROUGH, ESQ.
                            Attorney for Plaintiff
                            Post Office Box 11842
                            Ft. Lauderdale, FL 33339
                            Telephone: 954-537-2000
                            Facsimile: 954-566-2235
                            donyarbrough@mindspring.com


                  By: s/ Donald A. Yarbrough
                      Donald A. Yarbrough, Esq.
                      Florida Bar No. 0158658