```
                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 10-60982-CIV-ZLOCH
```

PATRICK M. HINES,

       Plaintiff,

vs.                                      **DEFAULT FINAL JUDGMENT**

VALENTINE & KEBARTAS, INC.,

       Defendant.
_____/

      THIS MATTER is before the Court upon Plaintiff Patrick M. Hines's Motion For Default Final Judgment (DE 6). The Court has carefully reviewed said Motion, the entire Court file and is otherwise fully advised in the premises.

      Defendant Valentine & Kebartas, Inc. was duly served with a copy of the Summons and Complaint filed herein on June 14, 2010. See DE 4-1. It has failed to file an appropriate Motion or responsive pleading within the time prescribed by law. Default was previously entered against it on August 6, 2010. See DE 5. Plaintiff Patrick M. Hines now moves for Default Final Judgment.

      The well-pleaded allegations made in Plaintiff's Complaint (DE 1) are deemed to have been admitted by Defendant by virtue of its default. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005)(citations omitted). Thus, the Court finds that Defendant made telephone calls to Plaintiff that were in violation of the Fair Debt Collection Practices Act ("FDCPA") as Defendant failed to inform Plaintiff that its calls were from a

debt collector, in violation of 15 U.S.C. §1692e(11), it failed to make a meaningful disclosure of the nature of its business, in violation of 15 U.S.C. §1692d(6), it caused Plaintiff's telephone to ring repeatedly with the intent to annoy, abuse or harass in violation of 15 U.S.C. §1692d(5), and it engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded voice in placing telephone calls to Plaintiff's cellular telephone, to which Plaintiff had not consented, in violation of 15 U.S.C. §1692d. Additionally, Defendant's telephone messages violated the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72, by failing to disclose it is a debt collector and the purpose of its communications when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9), and by engaging in conduct the natural consequence of which is to harass, in violation of Fla. Stat. § 559.72(7).

The Court further finds that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), by placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or the use of an artificial or pre-recorded voice without Plaintiff's prior express consent.

Accordingly, Plaintiff is entitled to statutory damages in the

amount of $1,000.00 for Defendant's violation of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. § 1692k(a)(2)(A), and $1,000.00 for Defendant's violation of the Florida Consumer Collection Practices Act, pursuant to Fla. Stat. § 559.77(2).  The Court also finds that Plaintiff is entitled to $10,500.00[1] in statutory damages for Defendant's violation of the Telephone Consumer Practice Act, pursuant to 47 U.S.C. § 227(b)(3)(B).  The Court notes that Plaintiff has requested its damages be trebled pursuant to 47 U.S.C. § 227(b)(3), however, based on the facts of this case, the Court declines to do so.  Thus, Plaintiff is entitled to and shall recover a total of $12,500.00.

    Accordingly, after due consideration, it is

    **ORDERED AND ADJUDGED** as follows:

    1.   The Court has jurisdiction over the parties hereto and the subject matter herein;

    2. Plaintiff Patrick M. Hines's Motion For Default Final Judgment (DE 8) be and the same is hereby **GRANTED**;

    3. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment be and the same is hereby **ENTERED** in favor of Plaintiff Patrick M. Hines and against Defendant Valentine &

---

[1] Pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages in the amount of $500.00 for each violation. There were twenty-one violations. See DE 1. Therefore, Plaintiff is entitled to recover a total of $10,500.00 in statutory damages on his TCPA claim.

Kebartas, Inc.;

4. Plaintiff Patrick M. Hines does have and recover from Defendant Valentine & Kebartas, Inc. the sum of $12,500.00 together with interest thereon at a rate of 0.29% per annum, for all of which let execution issue;

5. Defendant is permanently enjoined from placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent;

6. The Court shall retain jurisdiction solely for the purpose of entertaining a Motion For Attorney's Fees that comports with the dictates of Local Rule 7.3.A; and

7. To the extent not otherwise disposed of herein, all pending Motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   13th   day of January, 2011.

　　　　　　　　　　　　　　　　　　／s／ William J. Zloch
　　　　　　　　　　　　　　　　　　WILLIAM J. ZLOCH
　　　　　　　　　　　　　　　　　　United States District Judge

Copies furnished:

All Counsel of Record