UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60982-CIV-ZLOCH

PATRICK M. HINES,

      Plaintiff,

vs.                                    **O R D E R**

VALENTINE & KEBARTAS, INC.

      Defendant.
_____/

    THIS MATTER is before the Court upon Plaintiff Patrick M.
Hines's Verified Motion For An Award Of Costs And Attorney's Fees
(DE 9). The Court has carefully reviewed said Motion, the entire
court file and is otherwise fully advised in the premises.

    Plaintiff brought this action against Defendant under the Fair
Debt Collection Practices Act, 15 U.S.C. §§ 1692 <u>et</u> <u>seq.</u>
(hereinafter "FDCPA"), the Florida Consumer Collection Practices
Act, Fla. Stat. § 559.55 <u>et seq.</u>, and the Telephone Consumer
Protection Act, 47 U.S.C. § 227, <u>et seq</u>. Plaintiff now seeks to
recover the attorney's fees and costs his attorney incurred in this
action. Plaintiff seeks a total award of $985.00 for attorney's
fees, plus costs in the amount of $415.00.

    While a party has a right to attorney's fees incurred in the
successful prosecution of his claims under the FDCPA, the courts
have a corresponding duty to make sure that such an award is
reasonable. <u>See</u> <u>Hensley v. Eckhart</u>, 461 U.S. 424, 433-34 (1983)
(noting that reasonableness is the bedrock upon which the

determination of the amount of attorney's fees rests).   The determination of exactly what amount of fees to award is vested in the sound discretion of the Court.

The guiding light for the Court's analysis is always reasonableness, fully informed by its duty to exercise care and restraint in awarding fees, lest "[u]ndue generosity encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts."   10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998 & West Supp. 2008).

To calculate a reasonable fee, the Court must utilize the "lodestar" method.   See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).   In computing the lodestar, the first step is to determine the reasonable hourly rate.   A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation."   Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299).   The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."   Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303).   Here

the Court is satisfied that a reasonable lodestar for Mr. Donald A. Yarbrough, Esq. is $250.00 per hour.

Once the lodestar is set, the Court must determine the reasonable number of hours expended by Plaintiff's attorney in the successful prosecution of this action. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. See id. at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees awarded. Id.

The Court has carefully scrutinized Plaintiff's filings and finds that 3.94 hours is a reasonable amount of time spent on this case. Therefore, Plaintiff shall be compensated for attorney's fees in the amount of $985.00 and costs in the amount of $415.00, for a total award of $1,400.00.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff Patrick M. Hines's Verified Motion For An Award Of Costs And Attorney's Fees (DE 9) be and the same is hereby

GRANTED; and

2. Plaintiff Patrick M. Hines does have and recover from Defendant Valentine & Kebartas, Inc. the sum of $1,400.00 as attorney's fees and costs incurred in the successful prosecution of this action, for all of which let execution issue.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this ___6th___ day of September, 2011.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record

4